*Brace v. Johnson*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand twenty-three.

PRESENT:

> AMALYA L. KEARSE,
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

—————————————————————————

RONALD BRACE,

> *Plaintiff-Appellant,*
>
> v.

OFFICER RYAN JOHNSON, individually and as an employee of THE CITY OF ALBANY POLICE DEPARTMENT, JEFFREY GRENER, individually and as an employee of THE CITY OF ALBANY POLICE DEPARTMENT,

> *Defendants-Appellees.**

No. 22-590

—————————————————————————

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| For Plaintiff-Appellant: | RYANNE KONAN, Ryanne Konan Law Office and Legal Service, Wappingers Falls, NY. |
|---|---|
| For Defendants-Appellees: | Abigail W. Rehfuss, The Rehfuss Law Firm, P.C., Latham, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ronald Brace appeals from the district court's grant of summary judgment in favor of Albany Police Officers Ryan Johnson and Jeffrey Grener (the "Officers") on Brace's claims under 42 U.S.C. § 1983, relating to the traffic stop of a pickup truck in which he was a passenger. "We review a district court's grant of summary judgment de novo," *Kee v. City of New York*, 12 F.4th 150, 157 (2d Cir. 2021), and will affirm when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

An ordinary traffic stop constitutes a "seizure" within the meaning of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809–10 (1996). A traffic stop is thus "subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." *Id.* at 810. A police officer's decision to stop a vehicle is reasonable when the officer has probable cause or reasonable suspicion to believe that the vehicle's occupants are engaged in unlawful conduct. *See United States v. Gomez*, 877 F.3d 76, 86 (2d Cir. 2017). While reasonable suspicion is a less demanding standard than probable cause, the Fourth Amendment still requires "some minimal level of objective justification for making the stop." *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (internal quotation marks omitted). Since the test is an objective one, the constitutional reasonableness of a traffic stop does not turn on the subjective motivation of the officers involved. *See Whren*, 517 U.S. at 813 (explaining that "as long as the circumstances, viewed objectively, justify [the officer's] action," his "[s]ubjective intentions play no role in [the] Fourth Amendment analysis" (internal quotation marks omitted)).

Here, the undisputed facts demonstrate that the Officers had reasonable suspicion to stop the pickup truck in which Brace was riding. Officer Johnson testified that, while he was on patrol with Officer Grener, he observed a pickup

truck with "stickers consistent with what would be required to be on a New York State[–]registered vehicle" proceeding with no front license plate and a non–New York plate affixed to the rear. App'x at 106. Officer Johnson's testimony was corroborated by Officer Grener, who testified that he too saw "New York State stickers inside the window" of a vehicle with "no front plate" and a "rear plate [from] North Carolina." *Id.* at 226–27, 229, 232. Based on these observations – which Brace does not dispute – the Officers would have reasonably suspected the pickup truck to be in violation of New York law requiring (1) that all vehicles have license plates that correspond to the certificate of registration, and (2) that those plates be conspicuously displayed on both the front and the rear of the vehicle. *See* N.Y. Veh. & Traf. Law § 402(1)(a); *see also United States v. Jenkins*, 452 F.3d 207, 212 (2d Cir. 2006) (upholding constitutionality of traffic stop where vehicle appeared to lack two license plates, in violation of the same provision of New York Vehicle and Traffic Law at issue here); *Whren*, 517 U.S. at 819 (holding that probable cause to believe driver committed traffic violation rendered automobile stop reasonable under the Fourth Amendment). When coupled with the Officers' experience that it was common for car thieves in and around Albany to "grab a random license plate . . . and place it on a stolen [New York] vehicle," App'x at 36,

4

the Officers had *ample* basis to stop the truck in which Brace was a passenger, *see United States v. Arvizu*, 534 U.S. 266, 273 (2002) (explaining that police officers' "experience and specialized training" may permit them to make inferences from the information available to them that "might well elude an untrained person" (internal quotation marks omitted)).[1]

Brace offers two responses, but each misses the mark. For starters, he argues that the Officers "did not have reasonable suspicion to make [a] U-turn" and follow the vehicle. Brace Br. at 8. But an officer's decision to trail another vehicle does not implicate the Fourth Amendment. *See County of Sacramento v. Lewis*, 523 U.S. 833, 843–44 (1998) (finding no seizure where police pursued suspects in a high-speed chase). Brace also contends that the Officers lacked reasonable suspicion to stop the vehicle because, despite the New York inspection sticker on the windshield, the vehicle was, in fact, lawfully registered in North Carolina and therefore permitted under New York law to have a single, rear-only

---

[1] *See also, e.g., United States v. Wallace*, 937 F.3d 130, 139–40 (2d Cir. 2019) (where officers "observed . . . unusual circumstances [that] . . . caused them to suspect that the vehicle may have been stolen," they had "reasonable suspicion" not only to perform but to "extend[]" a "traffic stop"); *United States v. Foreste*, 780 F.3d 518, 526 (2d Cir. 2015) (where driver provided an expired rental agreement and appeared to have an uneasy demeanor, officer had reasonable suspicion that the car was stolen); *United States v. Lewis*, 712 F. App'x 83, 84 (2d Cir. 2018) (holding that officers had reasonable suspicion to perform and prolong traffic stop where, inter alia, rental car lacked usual barcode).

license plate as allowed in the state of registration. The relevant question, however, is not whether the vehicle was *ultimately* in compliance with the vehicle and traffic code, but whether Officers Johnson and Grener could have reasonably concluded otherwise *at the time of the traffic stop*. *See Jenkins*, 452 F.3d at 212 (upholding finding of probable cause based on a reasonable mistake of fact). Given the facts in their possession at the time of the stop – namely, (1) the truck's displaying stickers consistent with a vehicle registered in New York, App'x at 106, (2) a missing front license plate and an out-of-state rear license plate, *id.*, and (3) the Officers' experience that it was "very common for vehicles to be stolen that had . . . another plate put on" from a different state, *id.* at 112 – we agree with the district court that the Officers "had reasonable suspicion to investigate further . . . by stopping the truck," *id.* at 11.

Of course, the fact that the Officers made a lawful stop of Brace's vehicle does not mean that they were free to detain him indefinitely. "Even if lawful at its inception, a traffic stop can violate the Fourth Amendment if [it] unreasonably" extends the detention beyond the time necessary to achieve the purposes of the stop. *Wallace*, 937 F.3d at 137–38 (internal quotation marks omitted). But it is undisputed that the stop of Brace's vehicle – from the time that the Officers

6

activated their lights and instructed the truck's driver to pull over to the time they told Brace he was free to leave – lasted "no more than . . . [twelve] minutes." App'x at 37, 42. That was hardly an unreasonable amount of time in which to speak with the truck's occupants and determine whether the truck was stolen and whether to ticket the driver for infractions related to the missing license plate. *See United States v. Sharpe*, 470 U.S. 675, 687–88 (1985) (upholding twenty-minute detention following traffic stop where agent diligently pursued investigation with no unnecessary delay); *Foreste*, 780 F.3d at 526 (upholding twenty-two minute traffic stop where officers had reasonable suspicion that car was stolen); *Wallace*, 937 F.3d at 141 (upholding nine-minute traffic stop where officers diligently pursued investigation to quickly confirm or dispel their suspicions).

We have considered Brace's remaining arguments and found them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7